**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LHF Productions, Inc., a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Frank and Jane Doe Grubb; David and Jane Doe Benavidez; Coralyn and Jane Doe Schultz; Shawn and Jane Doe Burnish; and Dale and Jane Doe Fuller, all Arizona residents.<br><br>　　　　　Defendants. | No. CV-16-02644-PHX-DLR<br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiff LHF Productions has moved for default judgment against Defendants Frank and Marie Grubb pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 42.) No response has been filed and the time for filing one has passed. For reasons stated below, default judgment is appropriate.

**I. Background**

LHF owns the copyright to the 2016 action thriller "London Has Fallen." LHF alleges that Defendants unlawfully copied and distributed the movie using a network called a "BitTorrent protocol," where users can turn media into digital files and transfer them to their computers and share them with others online. LHF brought a copyright infringement suit against the then-unknown defendants in August 2016. (Doc. 1.) The

amended complaint filed three months later identifies Defendants by name and asserts claims for direct and contributory copyright infringement. (Doc. 14 ¶¶ 49-63.) LHF seeks injunctive relief, actual or statutory damages, and an award of attorneys' fees and costs. (*Id.* at 13-14.)

LHF served process on Frank Grubb and his wife Marie on November 14, 2016. (Doc. 20.) Following the transfer of the case on January 9, 2017, the Court directed LHF to file a status report given that the Grubbs were served with process but no answer or application for default had been filed. (Docs. 28, 32.) LHF subsequently filed an application, and the Clerk entered the Grubbs' default on January 20. (Docs. 35, 36.)

One month later, the Court gave LHF fourteen days to file a motion for default judgment or show good cause for an extension of time to do so. (Doc. 38.) LHF filed the present motion on March 9. (Doc. 42.)

**II. Default Judgment**

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of default judgment. The Grubb Defendants failed to respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment. If default judgment is not granted, LHF "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to LHF in this regard supports the entry of default judgment.

### B. Merits of the Claims and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the pleading standards of Rule 8. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A review of the complaint's well-pled allegations shows that LHF has stated a plausible claim for relief against the Grubb Defendants.

Under the Copyright Act, 17 U.S.C. § 106, the owner of a copyright has exclusive rights to reproduce, display, and distribute the copyrighted work. Infringement occurs when a person violates any of the exclusive rights of the copyright owner as provided by [§] 106." 17 U.S.C. § 501(a). To state valid copyright infringement claims, plaintiffs must allege two elements: "(1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1156 (9th Cir. 2006).

LHF alleges in the amended complaint that it owns the copyright for the movie *London Has Fallen* and attaches a valid certificate of copyright registration. (Docs. 14 ¶¶ 26-28, 14-1 at 4-5.) "Registration is prima facie evidence of the validity of a copyright." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488-89 (9th Cir. 2000) (citing 17 U.S.C. § 410(c)). LHF further alleges that the Grubb Defendants downloaded an unauthorized copy of the movie on the internet using the "peer-to-peer" file transfer protocol called BitTorrent. (Doc. 14 ¶¶ 7, 16, 21.) LHF claims that Defendants' conduct

constitutes direct and contributory infringement and LHF has suffered damages as a result. (*Id.* ¶¶ 49-57.)

Because the well-pled factual allegations of the complaint are deemed true upon default, *see Geddes*, 559 F.2d at 560, LHF has shown that Defendants infringed upon LHF's copyrighted work. The second and third *Eitel* factors weigh in favor of default judgment.

### C. Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. Here, LHF seeks statutory damages in the amount of $15,000.00. (Doc. 42 at 8.) This amount is reasonable given Defendants' misconduct and the harm caused to LHF and the film industry by movie piracy. *See LHF Productions, Inc. v. Watkins*, No. 2:16-cv-01196-SRB (D. Ariz. Dec. 13, 2016) (granting default judgment to LHF in the amount of $15,000 for copyright infringement of its movie). Indeed, in enacting the Digital Theft Deterrence Act of 1999, 17 U.S.C. § 504(c)(2), Congress increased the amount of potential statutory damages for willful infringement to $150,000.00. LHF seeks only ten percent of this amount.[1]

LHF seeks only $430.00 in attorneys' fees given that it recently filed a similar motion for default judgment in the *Watkins* case. (Doc. 42 at 12.) The Court finds the requested attorneys' fee award and costs in the amount of $460.40 to be reasonable and appropriate. *See* 17 U.S.C. § 505 (the court may award costs and fees to the prevailing party in a copyright infringement case). The fourth *Eitel* factor weighs in favor of a default judgment.

### D. Possible Dispute Concerning Material Facts

Given the sufficiency of the complaint and Defendants' default, "no genuine

---

[1] It is worth noting that the ability of a defendant to pay the damages award is not relevant because an award of damages is meant to compensate the plaintiff and deter future misconduct. *See Geddes*, 559 F.2d at 560.

- 4 -

dispute of material facts would preclude granting [LHF's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E.   Whether Default Was Due to Excusable Neglect

The Grubb Defendants were properly served with process in this matter. (Doc. 20.) They also were served with copies of the application for default and the present motion for default judgment. (Docs. 35 at 3, 42 at 15.) It therefore "is unlikely that Defendant[s'] failure to answer and the resulting default was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

### F.  Policy Favoring a Decision on the Merits

The last factor always weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted).

Moreover, Defendants' failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Stated differently, it is difficult to reach the merits when the opposing party is absent. Because LHF has asserted plausible claims for relief to which Defendants have failed to respond, the policy encouraging decisions on the merits does not weigh against the granting of default judgment in this case.

### III.  Conclusion

Having reviewed the record and considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment against the Grubb Defendants is appropriate under Rule 55(b).[2]

---

[2] The claims against the Benavidez, Barnish, and Fuller Defendants have been dismissed. (Docs. 26, 34, 37.) LHF has settled with the Schultz Defendants and the claims against them will be dismissed no later than April 10, 2017. (Docs. 40, 41.) After entry of this order, and after dismissal of the remaining Schultz Defendants, the Clerk is directed to terminate this action without further order from the Court.

**IT IS ORDERED** that Plaintiff LHF Productions, Inc.'s motion for default judgment against Defendants Frank Grubb and Marie Grubb (Doc. 42) is **GRANTED**. Judgment is entered in favor of Plaintiff and against the Grubb Defendants as follows:

1. In the amount of $15,000.00 for statutory damages on the copyright infringement claims asserted in counts one and two of the amended complaint.

2. In the amount of $430.00 in attorneys' fees and $460.40 for costs.

3. The Grubb Defendants are enjoined from, directly or indirectly, infringing Plaintiff's rights in the motion picture *London Has Fallen*. Defendants shall not reproduce, copy, distribute, upload, torrent, or otherwise make *London Has Fallen* available for public distribution, whether through the internet or otherwise, absent express written permission from Plaintiff.

4. Defendants are further ordered to destroy all illegally obtained copies of *London Has Fallen* in their possession, custody, or control, including both electronic files and any copies of *London Has Fallen* transferred onto any physical medium or device.

5. The Clerk is directed to terminate this action without further order from the Court after the dismissal of the Schultz Defendants on April 10, 2017 (*see* Doc. 41).

Dated this 5th day of April, 2017.

Douglas L. Rayes
United States District Judge